UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
LAMONT JOHNSON,

                      Plaintiffs,         **AMENDED COMPLAINT**

   -against-

THE CITY OF NEW YORK, POLICE OFFICER     PLAINTIFF DEMANDS
STEVEN CURATOLO, Shield # 14944, POLICE   TRIAL BY JURY
OFFICER KENDO KINSEY, Shield # 12092,
POLICE OFFICERS JOHN/JANE DOE(S) #s 1-10,   15-CV-8355

                      Defendants.
_____X

Plaintiff LAMONT JOHNSON for his complaint, by his attorney DAVID A. ZELMAN, ESQ., and upon information and belief respectfully alleges as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff LAMONT JOHNSON (hereinafter "Plaintiff") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution including due process of law.  On or about April 10, 2015, Plaintiff was falsely arrested by employees of the City of New York, including but not limited to POLICE OFFICER STEVEN CURATOLO, Shield # 14944. As a result of the violation of his constitutional rights, Plaintiff suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.  This Court has pendant jurisdiction over

Plaintiff's state law claims.

### III. PARTIES

3. Plaintiff at all times relevant hereto resided in Bronx, NY.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant POLICE OFFICER STEVEN CURATOLO, Shield # 14944 (hereinafter "CURATOLO" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  CURATOLO is sued in his official and individual capacity.

6. Defendant POLICE OFFICER  KENDO KINSEY Shield # 12092 (hereinafter "KINSEY" or "Defendant") was a NYPD police officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of Defendant CITY and within the scope of their employment.  KINSEY is sued in his official and individual capacity

7. Defendants POLICE OFFICERS JOHN/JANE DOE(S) (hereinafter "DOE(S)") were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment. DOE(S) are sued in their official and individual capacity.

8. At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.  At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD

and was acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

9. On or about April 10, 2015, at approximately 4:00 P.M., Plaintiff was lawfully in his vehicle at or near Lenox Avenue and West 144th St., New York, NY.

10. Plaintiff was approached by employees of the City of New York, including but not limited to Defendans CURATOLO and KINSEY.

11. Plaintiff was handcuffed and falsely arrested by Defendants, and transported to the 32nd Precinct where he was held for approximately five hours.

12. Plaintiff was then transferred to central booking where he was held for approximately twenty-three hours.

13. Plaintiff was charged with P.L. 170.20, Criminal Possession of a Forged Instrument in the Third Degree.

14. Plaintiff was required to make at least three court appearances before the charges were dismissed in July 2015.

## V. FIRST CAUSE OF ACTION
Pursuant to § 1983 (FALSE ARREST)

15. Paragraphs 1 through 14 of this complaint are hereby realleged and incorporated by reference herein.

16. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him.

17. That in detaining Plaintiff without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the NYPD under the

color of State and/or local law. It is alleged that CITY, via their agents, servants and employees routinely charged persons with crimes they did not commit. Plaintiff was but one of those persons.

18. Upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately supervise and train its officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

19. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

20. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

21. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

22. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

VI. <u>SECOND CAUSE OF ACTION</u>
Pursuant to §1983 (FAILURE TO INTERVENE)

23. Paragraphs 1 through 22 are hereby realleged and incorporated by reference herein.

24. That Defendants failed to intervene when Defendants knew or should have known that Plaintiff's constitutional rights were being violated.

25. That Defendants had a realistic opportunity to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence.

26. That a reasonable person in the Defendants' position would know that Plaintiff's constitutional rights were being violated.

27. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they failed to intervene to protect him from Defendants' violation of Plaintiff's civil rights pursuant to the Fourteenth Amendment of the United States Constitution.

28. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by police officers. Thus, as a result of the above described policies and customs, Plaintiff was not protected from Defendants' unconstitutional actions.

29. That upon information and belief it was the policy and/or custom of Defendant CITY to inadequately hire, train, supervise, discipline and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

30. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be

properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

31. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of detainees and were the cause of the violations of Plaintiff's rights alleged herein.

32. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

33. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to § 1983 (MALICIOUS PROSECUTION)

34. Paragraphs 1 through 33 are hereby realleged and incorporated by reference herein.

35. That Defendants with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

36. That all charges against Plaintiff were terminated in his favor.

37. That there was no probable cause for the arrest and criminal proceeding.

38. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

39. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause.  Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

40. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

41. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

42. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

43. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

44. That upon information and belief, in 2015, Defendant CITY had a policy or routine practice of alleging facts against persons for the purpose of charging crimes they did not commit.

45. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages

including attorney's fees, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## VIII. FOURTH CAUSE OF ACTION
Pursuant to § 1983 and State Law (EXCESSIVE PRE-ARRAIGNMENT DETENTION)

46. Paragraphs 1 through 45 are hereby realleged and incorporated by reference herein.

47. That Defendants had no legal cause nor excuse to detain Plaintiff for a prolonged period prior to arraignment.

48. That Defendants detained Plaintiff excessively prior to arraignment in violation of Plaintiff's civil rights.

49. That Defendants detained Plaintiff with ill will and/or negligently.

50. That Defendants should have expeditiously investigated this matter and released Plaintiff.

51. By reason of Defendant's acts and omissions, Defendants, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when it subjected him to an unlawful, illegal and excessive detention, in violation of his due process rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

52. That in so acting, Defendant CITY, abused its power and authority as policymaker of the New York City Police Department under the color of State and/or local law.

53. That upon information and belief, in 2015, Defendant CITY had a policy or routine practice of detaining and imprisoning individuals for excessive periods prior to arraignment.

54. That upon information and belief, it was the policy and/or custom of Defendant CITY to inadequately train and supervise their officers, staff, agents and employees, thereby

8

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

55. That as a result of the above described policies and customs, the officers, staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

56. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant NYPD to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

57. That Defendants negligently and/or intentionally failed to arraign Plaintiff promptly following his arrest as required by New York State and Federal laws, rules, regulations and statutes.

58. That said failure to promptly arraign Plaintiff caused his arrest to be void ab initio.

59. As a result of the above constitutionally impermissible conduct, plaintiff was caused to suffer personal injuries, violation of civil rights, economic damages, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom and damage to his reputation and standing within his community.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer economic injuries, physical pain, emotional pain, suffering, permanent disability, inconvenience, injury to his reputation, loss of enjoyment of life, loss of

liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from April 10, 2015;

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC § 1988; and

5. Granting such other and further relief as to this Court deems proper.

Dated: Brooklyn, New York
July 28, 2016

/S
_____
DAVID A. ZELMAN, ESQ.
(DZ 8578)
612 Eastern Parkway
Brooklyn, New York 11225
(718)604-3072